Bartlett, J.
The dismissal of the complaint at the close of the testimony on both sides, cannot be sustained on the ground that the evidence preponderated in favor of the defendants. The case should have' gone to the jury unless the written agreement between the parties relative to the publication of the plaintiff’s book was so clearly intended to express their whole contract as to preclude the the introduction of oral evidence to prove other stipulations not included within its terms. It is necessary, therefore, to inquire whether this paper shows upon its face an intent and design to express the entire agreement between the plaintiff and the defendants.
The contract bears date December 7, 1877, and relates to the publication, by G. W. Oarleton & Co., of a novel by Miss Fannie Bean, entitled “Doctor Mortimer’s Patient.” It provides that, at the commencement of the work, the author shall advance to the publishers $900, the receipt of which is acknowledged, and that “Carleton & Co. shall publish said book and repay to said Bean the said $900 as soon as the sale of the said book reaches 2,000 copies, but not pay any portion back until 2,000 are sold.” It furthermore provides that on all sold over and above the first 2,000 Oarleton & Go. shall pay Miss Bean, as copyright, the sum of twenty cents each; that editorial copies given away are to be exempt from copyright; that settlements and payments are to be made semi-annually on application; and finally that “said 2,000 copies are to be sold inside of one year from February 1, 1878, otherwise said advance of $900 is not to be refunded.” Then follow the signatures of the parties *642 and a memorandum in these words: “0. & Co. agree to have 100 copies ready by January 20, 1878.”
The plaintiff brought her action, not upon this written contract, but upon an alleged oral agreement on the part of the defendants, made on or about the same date, forthwith to print, bind and publish 2,000 copies of her book and to place and keep all of them on sale'in New York and the other principal cities of the United States, and to promote the sale by all reasonable and usual means, according to the custom of first-class booksellers and publishers generally, and also to send out at least 100 copies to editors and proprietors of newspapers. For the breach of this contract she claimed damages in the sum of $2,500. The defendants pleaded the written contract as the only agreement into which they had entered and averred that they had duly performed it. Upon the trial the court received evidence tending to show an oral agreement as to matters not embraced in the written contract, but held that as to these matters the preponderance of proof was with the defendants and therefore dismissed the complaint.
An examination of the written contract clearly indicates an omission to state at least one important element of such an agreement. Nothing definite appears as to the time within which the publisher was to print the 2,000 copies of the author’s book mentioned therein, or as to the size of each edition, if more than one was contemplated, or the rapidity with which the editions were to follow one another. The plaintiff claims that the defendants agreed to print the 2,000 copies forthwith. The defendant Carleton testifies that he understood his firm were to print whatever they thought advisable for the first edition, in order to test the market and seé whether the book would sell, and when they had sold nearly all of that edition they were to print another, and so on. The written contract affords little or no light on this subject, and can hardly be said to give any more support to the statement of one party than to that of the other. Hence the writing does not purport to cover the whole contract and the omission may be supplied by oral testimony. See Eighmie v. Taylor, 98 N. Y., on pages 296; 297.
The trial court was right in admitting such testimony, but should have allowed the jury to pass upon it.
The judgment must be reversed and a new trial granted, with costs to abide the event.
Brady and Daniels, JJ., concur.